# United States District Court
## for the Northern District of Oklahoma

Case No. 23-cv-354-JDR-JFJ

MEGAN SLINKARD; JON SLINKARD,

          *Plaintiffs,*

*versus*

INDEPENDENT SCHOOL DISTRICT NO. 1 OF TULSA COUNTY, *also known as* TULSA PUBLIC SCHOOLS; ALPHA BENSON, *Interim Principal, in his official and personal capacity*; DEBORAH GIST, *Superintendent, in her official and personal capacity*,

          *Defendants.*

## OPINION AND ORDER

The Court denied the Plaintiffs' motion for summary judgment and granted Defendants Alpha Benson and Deborah Gist's motion to dismiss. Dkt. 44. Plaintiffs Megan and Jon Slinkard seek reconsideration of that opinion and order regarding (1) the facial constitutionality of Okla. Stat. tit. 21, § 1376 and Tulsa Public School Board Policy 1301, and (2) the dismissal of claims against Alpha Benson based on qualified immunity. Dkt. 52. The Slinkards' arguments do not persuade the Court to reconsider its decisions, and the Court denies their motion.

The Slinkards' motion to reconsider the Court's opinion and order does not meet the requirements of Rule 59(e). Under Rule 59(e), a party may ask for reconsideration if the court's judgment "misapprehended the facts, a party's position, or the controlling law." *Barber ex. rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (internal quotation marks and citation omitted). "Grounds warranting a motion to reconsider include (1) an

No. 23-cv-354

intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted). Reconsideration is "'not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument.'" *FDIC v. United Pac. Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir.1998) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir.1996)). "A Rule 59(e) motion to reconsider is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple." *Syntroleum Corp. v. Fletcher Int'l Ltd.*, No. 08-cv-384-JHP-FHM, 2009 WL 761322, at *1 (N.D. Okla. Mar. 19, 2009) (internal quotation marks and citation omitted). And the Slinkards' motion is just that: an attempt to reargue the matters already addressed in the Court's opinion and order.

The Court finds that the Slinkards have not met the heavy burden required by Rule 59(e). Nearly all of the motion is devoted to re-arguing matters previously raised and rejected by the Court's opinion and order. The Court has no obligation to consider those arguments when ruling on a Rule 59(e) motion, *see Servants of Paraclete*, 204 F.3d at 1009, and the Court will not do so here. Because the Slinkards failed to meet the requirements of Rule 59, the Court denies the motion.

IT IS THEREFORE ORDERED that the Slinkards' motion to reconsider [Dkt. 52] is denied.

DATED this 6th day of June 2025.

*[signature]*

JOHN D. RUSSELL
*United States District Judge*