# United States District Court
## for the Northern District of Oklahoma

Case No. 23-cv-354-JDR-JFJ

Megan Slinkard; Jon Slinkard,

*Plaintiffs*,

versus

Independent School District No. 1 of Tulsa County, *also known as* Tulsa Public Schools; Alpha Benson, *Interim Principal, in his official and personal capacity*; Deborah Gist, *Superintendent, in her official and personal capacity*,

*Defendants*.

## OPINION AND ORDER

On March 31, 2025, the Court entered an opinion and order granting Defendants Alpha Benson and Deborah Gist's motion to dismiss and denying Plaintiffs Jon and Megan Slinkards' motion for summary judgment. Dkt. 44. Plaintiffs now ask the Court to enter final judgment on the dismissal of those claims and on the denial of their motion for summary judgment to allow appeal of the Court's opinion and order. Dkt. 60. Defendant Tulsa Public Schools objects, arguing that Plaintiffs' First Amendment retaliation claim against TPS is still pending before the Court and entering final judgment on the other claims would allow "piecemeal appeals." Dkt. 62 at 2. The Court agrees and denies Plaintiffs' motion.

The underlying facts of the Slinkards' claims are recited in the Court's opinion and order. Dkt. 44. The Slinkards' complaint alleged the following claims: (1) Okla. Stat. tit. 21, § 1376 is facially unconstitutional; (2) Defendants unconstitutionally applied Okla. Stat. tit. 21, § 1376 to Ms. Slinkard; (3)

No. 23-cv-354

Defendants violated Ms. Slinkard's procedural due process rights; (4) Defendants retaliated against Ms. Slinkard for exercising her First Amendment rights; and (5) Defendants violated Mr. Slinkard's First Amendment Rights. Dkt. 1. Following the Court's opinion and order [Dkt. 44], the Slinkards assert that the only remaining claim is Ms. Slinkard's First Amendment retaliation claim. Dkt. 60 at 3. TPS disagrees and argues that, along with Ms. Slinkard's First Amendment claim, all other claims remain pending against TPS even though the claims "are foreclosed by the Court's ruling on Defendants Benson and Gist's motions to dismiss." Dkt. 62 at 2 n.1. For purposes of this order, the Court will assume that only Ms. Slinkard's First Amendment retaliation claim remains pending.

The Federal Rules of Civil Procedure permit a court to enter a judgment on some claims even though other claims remain pending. Rule 54(b) provides:

> When an action presents more than one claim for relief ... or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

But "trial courts should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships." *Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) (quoting *Gas-A-Car, Inc. v. Am. Petrofina, Inc.*, 484 F.2d 1102, 1105 (10th Cir. 1973)). A district court should only certify a judgment under Rule 54(b) where "'the claims resolved are distinct and separable from the claims left unresolved.'" *Niemi v.*

No. 23-cv-354

*Lasshofer*, 770 F.3d 1331, 1341-42 (10th Cir. 2014) (quoting *Okla. Tpk. Auth.*, 259 F.3d at 1243). To certify a judgment under Rule 54(b), the Court must find that (1) the judgment is final; and (2) there is no just reason for delay of entry of its judgment. *Okla. Tpk. Auth.*, 259 F.3d at 1242.

The Slinkards do not satisfy the first element. A final judgment is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). "[A] 'claim' is generally understood to include all factually or legally connected elements of a case." *Okla. Tpk. Auth.*, 259 F.3d at 1242. Accordingly, "a judgment is not final for the purposes of Rule 54(b) unless the claims resolved are distinct and separable from the claims left unresolved." *Id.* at 1243.

The Slinkards argue that Ms. Slinkard's First Amendment retaliation claim is distinct and separate from the dismissed claims brought against Principal Benson and Superintendent Gist. Dkt. 60 at 3. They also argue that, under *Monell*, Ms. Slinkard's First Amendment retaliation claim against TPS "has been functionally extinguished" because a claim against TPS is reliant on an underlying violation by Principal Benson or Superintendent Gist. *Id.* But the Court's First Amendment retaliation analysis focused on Ms. Slinkard's *ban* from TPS property, not her *termination*. Dkt. 44 at 25-26. Ms. Slinkard's First Amendment retaliation claim against TPS for her termination is still active. And there is no question that Ms. Slinkard's sole remaining claim is factually connected to the dismissed claims against Principal Benson and Superintendent Gist because her termination was a result of the ban. Thus, the dismissed claims remain intertwined with Ms. Slinkard's pending First Amendment retaliation claim against TPS for her termination, and the Court's order and opinion does not constitute a final judgment.

The Slinkards also fail to satisfy the second element. "The purpose of Rule 54(b) 'is to avoid the possible injustice of a delay in entering judgment

3

on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available.'" *Okla. Tpk. Auth.*, 259 F.3d at 1241 (citation omitted). The Court must act as a "dispatcher" under Rule 54(b) by "tak[ing] into account judicial administrative interests as well as the equities involved" to "preserve[] the historic federal policy against piecemeal appeals." *Curtiss-Wright Corp.*, 446 U.S. at 8 (quoting *Sears, Roebuck & Co.*, 351 U.S. at 435, 438).

The Slinkards argue that "[i]mmediate appeal will promote judicial efficiency, preserve party resources, and allow higher court review of threshold constitutional questions before any further proceedings occur." Dkt. 60 at 4. The Court disagrees. Given the facts of this case, it would make little sense to enter final judgment on the dismissed claims without first resolving Ms. Slinkard's First Amendment retaliation claim against TPS, whether that be via dispositive motions or trial. Allowing the Slinkards to take a piecemeal approach to their appeals would not "expedite[] the ultimate termination of [this] action," but would instead require the Tenth Circuit to "repeatedly familiarize [itself] with the facts of [their] case." *Okla. Tpk. Auth.*, 259 F.3d at 1241. The only hardship the Slinkards state is that the parties would be required to "prepare for trial on a claim that may ultimately be legally nonviable if the Tenth Circuit reverses," which is a risk that all plaintiffs face when they file a case. Because of the Tenth Circuit's preference for "one appeal in a single action," *id.*, and because requiring the Slinkards to wait for a final judgment on all claims creates no undue hardship in this case, there is reason to delay appellate review until adjudication of all claims is final. The Slinkards' motion for entry of final judgment [Dkt. 60] is denied.

While the Slinkards' motion was pending, they filed a motion for extension of time to serve their first request for production of documents and requested a stay of discovery pending resolution of their motion for entry of final judgment. Dkt. 61. The Slinkards state that their failure to serve the requests on time "was not due to bad faith or disregard of the Court's order,

No. 23-cv-354

but rather the product of a confluence of difficult circumstances." *Id.* at 2. TPS asks the Court to deny the motion. Dkt. 63. Because the Court has resolved the Slinkards motion for entry of final judgment, their request to stay discovery is moot. The Court grants their motion to extend the deadline to serve requests for production of documents to fourteen days from the issuance of this order.

IT IS THEREFORE ORDERED that the Slinkards' motion for entry of final judgment pursuant to Rule 54(b) [Dkt. 60] is denied.

IT IS FURTHER ORDERED that the Slinkards' motion to stay discovery [Dkt. 61] is moot.

IT IS FURTHER ORDERED that the Slinkards' request to extend the deadline to serve their first requests for production of documents [Dkt. 61] is granted; the Slinkards have fourteen days from the issuance of this order to serve the requests.

DATED this 14th day of July 2025.

JOHN D. RUSSELL
United States District Judge