# United States District Court
## for the Northern District of Oklahoma

---

Case No. 23-cv-354-JDR-SH

---

MEGAN SLINKARD; JON SLINKARD,

*Plaintiffs,*

*versus*

INDEPENDENT SCHOOL DISTRICT NO. 1 OF TULSA COUNTY, OK-LAHOMA, *doing business as* TULSA PUBLIC SCHOOLS; ALPHA BENSON; DEBORAH GIST,

*Defendants.*

---

## OPINION AND ORDER

---

Plaintiffs Megan and Jon Slinkard sued Defendants Tulsa Public Schools, East Central Middle School Principal Alpha Benson, and TPS Superintendent Deborah Gist for violating Mr. and Ms. Slinkard's constitutional rights by banning Ms. Slinkard from TPS property, terminating Ms. Slinkard's employment as a teacher's assistant at a TPS school, and denying Mr. Slinkard the opportunity to speak at a school board meeting. Dkt. 1 at 1-2.[1] The Court granted Principal Benson's and Superintendent Gist's motions to dismiss. Dkt. 44. After discovery, TPS moved for summary judgment, relying on the Court's dismissal of the Slinkards' claims against Principal Benson and Superintendent Gist and on a stipulation of Oklahoma law permitting support employees to be terminated without cause if they had been employed less than one year. Dkt. 82. The Court denied the motion and ruled that it

---

[1] All citations use CM/ECF pagination.

No. 23-cv-354

would be improper to grant summary judgment based on a ruling about the sufficiency of the Slinkards' complaint against other defendants and that the one-year window for an employee to be terminated without cause did not affect a separate statutory provision which requires a termination hearing before a support employee is terminated. Dkt. 97. TPS now asks the Court to reconsider its decision, arguing that the Court made determinations of law precluding the Slinkards' claims at the motion to dismiss stage and that another provision of Oklahoma law precludes Ms. Slinkard's categorization as a support employee protected by the relevant statute. Dkt. 102. But the Court's decision at the motion to dismiss stage only related to the sufficiency of the complaint, and TPS did not raise the issue of Ms. Slinkard's employment categorization in its motion for summary judgment. The Court denies the motion for reconsideration.

## I

Although "the Federal Rules of Civil Procedure do not recognize that creature known all too well as the 'motion to reconsider' or 'motion for reconsideration' . . . a district court always has the inherent power to reconsider its interlocutory rulings." *Warren v. Am. Bankers Ins. of Fla.*, 507 F.3d 1239, 1243 (10th Cir. 2007). The Tenth Circuit has held that "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*

## II

TPS raises two arguments; first, that it "reasonably relied" on the Court's "legal conclusions" in its decision on the motion to dismiss, which included "substantive legal rulings . . . that affected claims against" TPS, and second, that Okla. Stat. tit. 70, § 6-101.40 did not actually apply to Ms.

No. 23-cv-354

Slinkard because she was employed for less than 172 days. Dkt. 102 at 7-10. These arguments solely focus on the third *Paraclete* factor, the "need to correct clear error or prevent manifest injustice." 204 F.3d at 1012.

## A

TPS first argues that the Court's decision dismissing the claims against Principal Benson and Superintendent Gist included "substantive legal rulings . . . that affected" the Slinkards' claims against TPS. Dkt. 102 at 7. In support of this argument, TPS cites seven quotes from the dismissal order where the Court stated that (a) "Principal Benson had discretion . . . to ban Ms. Slinkard," [Dkt. 44 at 20] (b) "the Slinkards were not deprived of their right to petition the government," [*Id.* at 21] (c) "the ban notice was constitutionally adequate," [*Id.* at 22] (d) "the ban prior to a hearing did not amount to a constitutional violation," [*Id.* at 23] (e) "the ban did not chill Ms. Slinkard from continuing to advocate for her son and seek redress from TPS," [*Id.* at 24] (f) "TPS has the constitutional right to limit comments at its board meeting," [*Id.* at 25] and (g) "there was no constitutional denial of Mr. Slinkard's opportunity to speak at the meeting" [*Id.* at 26]. Dkt. 102 at 7-8.

But these quotes share the same fundamental problem. They are drawn from the Court's decision on Principal Benson's and Superintendent Gist's motions to dismiss.[2] Dkt. 44 at 20-26. When a Court grants a motion to dismiss, it does not make substantive legal rulings determining a party's potential claims as a matter of law. *Jones v. City of Comanche, Oklahoma*, No. 25-6016, 2025 WL 3260611, at *3 (10th Cir. Nov. 24, 2025) (noting that "[a]t

---

[2] Separately, TPS also argues that the Court held that Ms. Slinkard's First Amendment retaliation claim was her "sole remaining claim" when it ruled on her motion for entry of final judgment. Dkt. 102 at 8 (quoting Dkt. 66 at 3). But this quote lacks key context, namely that on the page prior, the Court stated "[f]or purposes of this order, the Court will assume that only Ms. Slinkard's First Amendment retaliation claim remains pending." Dkt. 66 at 2. A court's assumption for purposes of analyzing a motion is not a determination of law and cannot serve as a basis for granting summary judgment.

No. 23-cv-354

the motion to dismiss stage, a district court does not evaluate evidence presented by both parties, but instead determines whether the plaintiff's complaint provides a legally sufficient claim for relief."); *Hampton v. Gen. Motors, LLC*, 631 F. Supp. 3d 1041, 1045 (E.D. Okla. 2022). All Rule 12(b)(6) requires is that the Court analyze the sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). It is possible that a party could have a meritorious claim that some official act was a violation of its constitutional rights but then file a complaint which does not allege facts sufficient to state that claim. Such a complaint would be subject to a motion to dismiss. But subject to the Court's leave to do so, nothing stops a party whose claim has been dismissed without prejudice from amending the complaint to state allegations that could support a claim. Although failure to amend (or even denial of leave to amend) may preclude further litigation against the dismissed parties, it does not affect in any way the viability of undismissed claims against undismissed parties.

The Court dismissed Principal Benson and Superintendent Gist without prejudice. Dkt. 44. Nothing precluded the Slinkards from seeking leave to amend their complaint with additional allegations to restate the dismissed claims. Despite TPS's argument that the Court made "substantive legal rulings" affecting the viability of the Slinkard's claim against TPS, the Court did not do so. Dkt. 102 at 8. The Court's rulings only extended to the sufficiency of the Slinkards' complaint as it related to their claims against Principal Benson and Superintendent Gist, and no further.

TPS's motion for summary judgment could have raised arguments similar to those in Principal Benson and Superintendent Gist's motions to dismiss, but in doing so TPS was obligated to support its motion with record evidence. Or if TPS wanted to state that there was no record evidence to support an element of a claim, it was required to say so and bring forward some support for the absence of evidence. *See* Fed. R. Civ. P. 56(c)(1)(A) (a moving party without the ultimate burden of persuasion at trial may carry its initial summary judgment burden of production by producing evidence negating an

4

No. 23-cv-354

essential element of the nonmoving party's case). Alternatively, TPS could have moved under Rule 56(c)(1)(B) that allows a party who does not have the trial burden of production to rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact. *See* Fed. R. Civ. P. 56, advisory committee note of 2010. The Court would then have considered the argument and ruled on it. But TPS did not support its motion for summary judgment with record evidence or affidavits showing the absence of evidence—it relied solely on the Court's decision that the Slinkards' complaint did not state a claim upon which relief could be granted against two other defendants and argued that "[t]he Court's legal conclusions are dispositive of [the Slinkards'] same claims against [TPS] as well." Dkt. 82 at 15.

Although TPS characterizes this Court's sufficiency determinations on a motion to dismiss as binding "merit determinations," that does not make them so. Dkt. 102 at 8; *Jones*, 2025 WL 3260611, at *3; *see also Pierce v. Gilchrist*, 359 F.3d 1279, 1301 (10th Cir. 2004) (noting "a court's declaration that the allegations, even if taken as true, do not state a legal cause of action is not at all equivalent to a finding that the alleged behavior did not occur"). The Court denies the motion for reconsideration as to the shared claims with Principal Benson and Superintendent Gist.[3]

B

TPS's second argument is that the Court erred when it denied TPS summary judgment on Ms. Slinkard's denial of due process claim because Okla. Stat. tit. 70, § 6-101.46 applies only to covered "support employees"

---

[3] TPS argues that it has relied upon the Court's supposed "merit determinations" for trial and will "need additional discovery and time to prepare for a trial that will be much broader in scope than anticipated following the Court's ruling on the motions to dismiss." Dkt. 102 at 8. A party's misapprehension of the legal effect of a motion to dismiss is not grounds to delay a trial or reopen discovery, and insofar as TPS has not moved to amend the longstanding scheduling order, the Court will not delay the pending trial in this matter.

No. 23-cv-354

under Okla. Stat. tit. 70 § 6-101.40 who were employed by a school district for more than 172 days. Dkt. 102 at 8-9. Whatever the merits of this argument, it is decidedly different from the argument TPS made in its motion for summary judgment. There, TPS argued that because Ms. Slinkard "had been employed by the School District for less than one year, Ms. Slinkard did not have due process rights associated with her termination" without further elaboration. Dkt. 82 at 24. This argument did not reference the alleged 172-day limit; the one-year limit TPS cites is also in the listed provisions with regard to a period where a support employee may be terminated without cause, and TPS did not in any way argue that Ms. Slinkard was not a support employee under the provision in its original motion.[4] The Court's analysis, therefore, was limited only to the question of the one-year provision and not to the unmentioned 172-day limit and Ms. Slinkard's status as a support employee.

TPS's original argument was vague but was substantially different from the one it now raises. A motion for reconsideration is not a proper vehicle for new substantive arguments of law, and TPS has not moved for an opportunity to file a new motion for summary judgment under Local Rule 56. N. D. Okla. Loc. Civ. R. 56. The Court will not consider the merits of TPS's new argument.

But TPS expresses a concern that this Court has made a substantial finding that Ms. Slinkard was "entitled to a hearing on her termination." Dkt. 102 at 5, 9. This concern misunderstands what a court does when it denies a motion for summary judgment. A denial of summary judgment only rules that the proffered arguments and evidence do not establish that the undisputed

---

[4] TPS's original motion characterized Ms. Slinkard as "support personnel with Tulsa Public Schools." Dkt. 82 at 24. Insofar as being "support personnel" is not the same as being a "support employee" under Okla. Stat. tit. 70 § 6-101.40, the Court cannot see how an argument that someone who is "support personnel" does not have due process rights in termination because she had not been employed for a calendar year is at all similar to an argument that an employee is not a "support employee" protected by statute because she was employed for less than 172 days.

6

No. 23-cv-354

facts raised by the parties establish that no reasonable jury could find for the non-moving party; it "merely postpones decision of any question" and "decides none." *Dessar v. Bank of Am. Nat. Tr. & Sav. Ass'n*, 353 F.2d 468, 470 (9th Cir. 1965). Insofar as the Court held that TPS's original argument did not support summary judgment on this issue, there could theoretically be other arguments that would support summary judgment. And, of course, a Court's denial of a motion for summary judgment does not preclude those arguments being reraised at trial for a factfinder to decide. *See Speeney v. Rutgers*, 673 F. App'x 149, 152 n.2 (3d Cir. 2016) (collecting cases). Although the Court will not reconsider the merits of TPS's new argument at this time, TPS may raise it at trial.

### III

For the reasons given above, TPS's motion for reconsideration [Dkt. 102] is denied.

DATED this 15th day of June 2026.

_____
JOHN D. RUSSELL
*United States District Judge*

7